UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK
CIVIL DIVISION

| | |
|---|---|
| EDWARD KAZIEV AND ESTER ARONOVA, } <br> ON BEHALF OF THEMSELVES AND } <br> ALL OTHERS SIMILIARLY SITUATED, } <br> } <br> Plaintiff, } <br> v } <br> } <br> CREDIT CONTROL SERVICES, INC. } <br> D/B/A CREDIT COLLECTION SERVICES, } <br> } <br> Defendant. } | Civil Action, File No. <br> 2:17-cv-02522-JMA-AYS |

**COMPLAINT**

**DEMAND FOR TRIAL BY JURY**

Plaintiffs, on behalf of themselves and all others similarly situated, by and through their attorney, Mitchell L. Pashkin, Esq., complains of Defendant, Credit Control Services, Inc. d/b/a Credit Collection Services ("CCS"), and alleges as follows:

1. This court has jurisdiction of this case pursuant to 15 U.S.C. § 1692k(d), 28 USCS § 1331, and/or pursuant to 28 USCS § 1332 (d)(2)(A).

2. Venue in this district is proper based on CCS's regular transaction of business within this district. Venue in this district also is proper based on CCS possessing a license from the New York City Department of Consumer Affairs to operate as a "Debt Collection Agency" in New York City which includes this district. CCS also derives substantial revenue from services rendered in this district. The aforementioned transaction of business and services includes but is not limited to the collection of debt from consumers who reside in this district.

3. Venue in this district also is proper in light of the occurrences which form the basis for this

Complaint having occurred in whole or in part in this district.

4. Plaintiffs demand a trial by jury pursuant to FRCP 38 (b).

5. Plaintiffs are natural persons who reside at 34 Valley Lane W, Valley Stream, NY 11581.

6. Plaintiffs each are a "consumer" as defined by 15 U.S.C. § 1692(a)(3) of the FDCPA.

7. On or about December 26, 2015, CCS sent Plaintiffs the letter annexed as Exhibit A. Plaintiffs received and read Exhibit A. For the reasons set forth below, Plaintiffs' receipt and reading of Exhibit A deprived Plaintiffs of their rights to not be subject to abusive, deceptive, or misleading debt collection practices.

8. Per statements and references in Exhibit A, CCS sent Exhibit A to Plaintiffs in an attempt to collect a past due debt.

9. Based upon Exhibit A setting forth that the creditor is Travelers Insurance Company, a provider of insurance coverage products to individuals, based upon CCS, via Exhibit A, having attempted to collect this past due debt from Plaintiffs in their individual capacity, and based upon Exhibit A not setting forth the name of any business associated with the past due debt, the past due debt at issue arose out of a transaction used primarily for personal, family or household purposes, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

10. Credit Control Services, Inc. is a Delaware Domestic Corporation and a New York Foreign Business Corporation with a principal place of business located at Two Wells Avenue, Newton, MA 02459.

11. Per § 20-490 of the New York City Administrative Code, any business that seeks to collect personal or household debts from New York City residents must have a Debt Collection Agency License from the New York City Department of Consumer Affairs. Credit Control

Services, Inc. possesses a license from the New York City Department of Consumer Affairs to operate as a "Debt Collection Agency".

12. Via Exhibit A, CCS is attempting to collect a debt on behalf of another.

13. Based upon Exhibit A and upon CCS possessing a license from the New York City Department of Consumer Affairs to operate as a "Debt Collection Agency", the principal purpose of CCS is the collection of debts using the instrumentalities of interstate commerce, including mails and telephone; and it regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another.

14. Based upon the allegations in the above three paragraphs, CCS is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

## FIRST CAUSE OF ACTION-CLASS CLAIM

15. Plaintiffs repeat and re-allege the allegations contained in paragraphs 1-14 of this Complaint.

16. Exhibit A sets forth a past due amount of $659.00

17. Exhibit A does not set forth that the past due amount of $659.00 may increase due to interest, late charges, and/or other charges.

18. Since Exhibit A does not set forth that the past due amount of $659.00 may increase due to interest, late charges, and/or other charges, "the least sophisticated consumer" could read Exhibit A as meaning that the past due amount of $659.00 was static and that their payment of $659.00 would satisfy the debt irrespective of when the payment was remitted.

19. NY CPLR 5001(a) provides as follows:

> "Interest shall be recovered upon a sum awarded because of a breach of performance of a contract, or because of an act or omission depriving or otherwise interfering with title to, or possession or enjoyment of, property, except that in an action of an equitable nature, interest and the rate and date

   from which it shall be computed shall be in the court's discretion."

20. "[A]n award of pre-decision or pre-verdict interest pursuant to CPLR 5001 on a damages award on a cause of action to recover damages in quantum meruit is mandatory, as it would be on a damages award on a cause of action to recover damages for breach of contract (*citations omitted*)". <u>Tesser v. Allboro Equip. Co.</u>, 904 N.Y.S.2d 701, 73 A.D.3d 1023 (N.Y. App. Div., 2010) and <u>Lee v. Joseph E. Seagram & Sons, Inc.</u>, 592 F.2d 39, 41 (C.A.2 (N.Y.), 1979).

21. Plaintiffs owed this past due debt under a theory of contract or quantum meruit and therefore NY CPLR 5001 is applicable to the past due debt set forth in Exhibit A.

22. NY CPLR 5001(b) provides as follows:

> "Interest shall be computed from the earliest ascertainable date the cause of action existed…"

23. As regards the past due debt set forth in Exhibit A, the creditor had a guaranteed right to interest on the past due amount of $659.00 from the date of Exhibit A or an earlier date. NY CPLR 5001 (a) and (b); <u>Tesser v. Allboro Equip. Co.</u>, 904 N.Y.S.2d 701, 73 A.D.3d 1023 (N.Y. App. Div., 2010), and <u>Lee v. Joseph E. Seagram & Sons, Inc.</u>, 592 F.2d 39, 41 (C.A.2 (N.Y.), 1979).

24. Based on the above, the past due amount of $659.00 set forth in Exhibit A was not static. Instead, interest was in fact accruing on the past due amount of $659.00 set forth in Exhibit A from the date of Exhibit A or earlier than the date of Exhibit A.

25. Based on the above, CCS or the creditor could seek the aforementioned interest that was accumulating after Exhibit A was sent but before the past due amount of $659.00 set forth in Exhibit A balance was paid.

26. In the alternative, based on the above, the creditor could have sold Plaintiffs' debt to a

    third party and such third party could seek the interest that accumulated after Exhibit A was sent but before the past due amount of $659.00 set forth in Exhibit A balance was paid.

27. Based on the above, since Exhibit A does not set forth that the past due amount of $659.00 may increase due to interest, CCS violated 15 USC § 1692e by sending Exhibit A to Plaintiffs.

## SECOND CAUSE OF ACTION-CLASS CLAIM

28. Plaintiffs repeat and re-allege the allegations contained in paragraphs 1-14 of this Complaint.

29. Exhibit A set forth a past due amount of $659.00.

30. Upon information and belief, any past due amount resulted from an agreement entered into between Plaintiffs and Travelers Insurance Company.

31. Upon information and belief, the aforementioned agreement allowed Travelers Insurance Company and any assignee or successor-in-interest charge Plaintiffs interest, late charges, and/or other charges in addition to any past due amount.

32. The aforementioned right to charge Plaintiffs interest, late charges, and/or other charges in addition to any past due amount is not waived by Travelers Insurance Company or any assignee or successor-in-interest as a result of a failure by either Travelers Insurance Company or any assignee or successor-in-interest at any point in time to charge Plaintiffs interest, late charges, and/or other charges in addition to any past due amount.

33. Exhibit A failed to notify Plaintiffs that his past due amount may increase due to interest, late charges, and/or other charges.

34. For the above reasons, as a result of the aforementioned omissions from Exhibit A set forth in this paragraph, CCS violated 15 USC § 1692e as a result of sending Exhibit A to Plaintiffs.

### THIRD CAUSE OF ACTION-CLASS CLAIM

35. Plaintiffs repeat and re-allege the allegations contained in paragraphs 1-14 of this Complaint.

36. Exhibit A set forth the name of the "debt collector" sending Exhibit A as "Credit Collection Services".

37. "Credit Collection Services" is a name used by Credit Control Services, Inc. to collect debts from New York consumers.

38. On both the date of Exhibit A and on the date of Shield's receipt of Exhibit A, "Credit Collection Services" was not registered in Delaware, Credit Control Services, Inc.'s place of incorporation, as a trade name of Credit Control Services, Inc.

39. Exhibit A was an attempt by Credit Control Services, Inc. to collect a debt in New York from a New York resident; but on both the date of Exhibit A and on the date of Shield's receipt of Exhibit A, "Credit Collection Services" was not registered in New York as a trade name of Credit Control Services, Inc.

40. Exhibit A was an attempt by Credit Control Services, Inc. to collect a debt in New York from a New York resident. Credit Control Services, Inc. possesses a license from the New York City Department of Consumer Affairs to operate as a "Debt Collection Agency"; but on both the date of Exhibit A and on the date of Shield's receipt of Exhibit A, "Credit Collection Services" was not listed on the aforementioned license as a trade name of Credit Control Services, Inc.

41. Even if on both the date of Exhibit A and on the date of Shield's receipt of Exhibit A "Credit

Collection Services" was registered with the City of Newton in Massachusetts as a trade name of Credit Control Services, Inc., the "least sophisticated consumer" sent a debt collector letter in New York has no ability to ascertain this fact and/or has no ability or reason to know to investigate whether or not such registration existed.

42. Based on the above allegations, Exhibit A was an attempt by Credit Control Services, Inc. to collect a debt in a name other than the "true name" of Credit Control Services, Inc. in violation of 15 USC 1692e (14); and based on the above allegations and for other reasons, Exhibit A amounted to a false, deceptive or misleading means in connection with the collection of a debt in violation of 15 USC 1692e, 15 USC 1692e(2)(A), and 15 USC 1692e(10).

## FOURTH CAUSE OF ACTION-CLASS CLAIM

43. Plaintiffs repeat and re-allege the allegations contained in paragraphs 1-14 of this Complaint.

44. Exhibit A amounted to an unfair or unconscionable means to collect or attempt to collect a debt in violation of 15 USC 1692f, and/or 15 USC 1692f (1).

## FIFTH CAUSE OF ACTION-CLASS CLAIM

45. Plaintiffs repeat and re-allege the allegations contained in paragraphs 1-14 of this Complaint.

46. Exhibit A did not set forth that it was from a debt collector, but CCS sent Plaintiffs in an attempt to collect a debt or in connection with an attempt to collect a debt.

47. As a result of the aforementioned omission from Exhibit A set forth in this paragraph, CCS violated 15 USC § 1692e(11) as a result of sending Exhibit A to Plaintiffs.

## CLASS ALLEGATIONS

48. Plaintiff brings this action on behalf of a class pursuant to Fed. R. Civ. P. 23(a) and (b)(3).

49. The classes consist of:

   I.   (a) all natural persons (b) who received a letter from CCS dated between December 26, 2015 and the present to collect an alleged past due debt, (c) where, as regards the amount of the debt set forth in the letter, the letter set forth nothing beyond the current amount or balance of the alleged past due debt or nothing beyond the amount or balance the individual currently had to pay the settle the debt;

   II.  (a) all natural persons (b) who received a letter from CCS dated between December 26, 2015 and the present to collect an alleged past due debt, (c) in a form materially identical or substantially similar to Exhibit A;

   III. (a) all natural persons (b) who received a letter from CCS dated between December 26, 2015 and the present to collect an alleged past due debt allegedly due to the creditor to whom the debt is owed, (c) where, as regards the amount of the debt set forth in the letter, the letter set forth nothing beyond the current amount or balance of the alleged past due debt or nothing beyond the amount or balance the individual currently had to pay the settle the debt;

   IV.  (a) all natural persons (b) who received a letter from CCS dated between December 26, 2015 and the present to collect an alleged past due debt allegedly due to the creditor to whom the debt is owed, (c) in a form materially identical or substantially similar to Exhibit A; and/or

   V.   (a) all natural persons (b) residing in New York State (c) who between December 26, 2015 and the present have received a letter regarding the collection of a

consumer debt which set forth the name of the debt collector/entity sending the letter as "Credit Collection Services".

50. The class members are so numerous that joinder is impracticable. On information and belief, there are more than 50 members.

51. There are questions of law and fact common to the class members, which common questions predominate over any questions that affect only individual class members.

52. The predominant common question is whether Defendant's letters violate the FDCPA.

53. Plaintiff will fairly and adequately represent the interests of the class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases and class actions.

54. A class action is the superior means of adjudicating this dispute.

55. Individual cases are not economically feasible.

**WHEREFORE**, Plaintiff requests the following relief:

1. A Judgment against CCS in favor of Plaintiff and the class members for statutory damages in an amount to be determined at trial, and costs and attorney's fees; and

2. Any and all other relief deemed just and warranted by this court.

Dated:     May 3, 2017

/s/_____
Mitchell L. Pashkin, Esq. (MLP-9016)
Attorney For Plaintiff
775 Park Avenue, Suite 255
Huntington, NY 11743
(631) 629-7709